No. 41,216

THE CITY OF WICHITA, *Appellee*, v. THOMAS W. DEPEE, *Appellant*.

(340 P. 2d 924)

Opinion filed June 13, 1959.

*Harry Gillig*, of Wichita, argued the cause, and was on the briefs for the appellant.

*Robert C. Helsel*, of Wichita, argued the cause, and *Fred W. Aley*, of Wichita, was with him on the briefs for the appellee.

The opinion of the court was delivered by

ROBB, J.: In an appeal from the traffic court of the city of Wichita to the district court of Sedgwick county defendant was found guilty by a jury and was sentenced by the trial court for driving an automobile while under the influence of intoxicating liquor in violation of city ordinances. From this conviction, defendant appeals.

All of the specifications of error claimed by defendant in this appeal have been abandoned except one which pertains to the trial court's instruction No. 3 and its refusal to give defendant's requested instruction in lieu thereof.

To maintain some chronological order and clarify the situation presented by this appeal, we shall briefly summarize the pertinent evidence.

On June 22, 1957, during a very hard rainstorm a collision oc-

curred at the corner of Pattie and Lincoln Streets in Wichita between the vehicle driven by defendant and a police car driven by a laboratory investigator for the police department. The investigator testified he observed defendant had difficulty in talking, was staggering, and when he exhibited his badge and identified himself, defendant told him he "didn't care." On cross-examination the investigator stated he was going south on Pattie and defendant was going east on Lincoln. Another officer called to the scene at 1:15 a. m. noticed that defendant had a very strong odor of alcohol on his breath, he took him to the police station and requested that an alcometer test be run on the defendant. On cross-examination this officer testified that defendant admitted having drunk six ten cent glasses of beer between 10:00 p. m. and midnight on June 21, 1957. Defendant's speech was difficult to understand but with concentration he could be understood. Defendant had walked to the police car, had walked into the station, and had answered questions. Plaintiff's testimony as to scientific principles, operation and purpose of the alcometer machine, by legal standards, showed that if a person has 0.15 per cent of alcohol in his breath proportionate to the amount in the blood, it is presumed the person is under the influence of intoxicating beverages.

During the tests defendant, in response to certain questions, stated there was nothing the matter with him; he was not under care of a physician; he had been drinking and had had about twelve ten-cent glasses of beer between 10:00 and midnight on June 21, 1957; he had taken bufferin as "pain pills"; and he had used vinegar as a mouthwash. In the co-ordination tests he had to make two attempts to pick up a penny from the floor; he had difficulty touching the end of his nose with both right and left index fingers while his eyes were closed; his clothing was "dirty and disorderly"; his face was flushed and the pupils of his eyes did not react to light; on the balance test he sagged at the knees, he swayed in walking and turning, and had a very jerky choice of words and poor pronunciation in his speech. The alcometer test of defendant showed 0.30 per cent of alcohol.

Defendant's evidence showed contradiction as to his being drunk. He took aspirin and bufferin to relieve rheumatism in his knees, arms and shoulders resulting from his occupation as a cement finisher and because his teeth troubled him. He gargled and swallowed vinegar to thin his blood to inoculate himself against

cement poison and also because of pyorrhea. His wife said he was crippled and walked wobbly now and then.

Defendant's requested instruction, which the trial court refused, was as follows:

"There has been evidence presented during the trial of this case as to an alcometer test having been given to the Defendant by the Police Officers of the City of Wichita, Kansas, which is a machine or instrument that purports to register the alcoholic content in a person's body. The Court instructs you that you are to consider this evidence with all the other evidence in this case; if you find that there has been presented, during the trial of this case, evidence contradicting the report of this alcometer test, then it becomes your duty to decide whether you will believe the evidence that contradicts the alcometer test, or whether you will believe the report of the alcometer test. In other words, you are the sole judges of the credibility of the evidence, and therefore, you may believe or disbelieve the testimony of any witness, or witnesses, or any report or tests given the Defendant as to his sobriety."

The trial court gave the following instruction No. 3:

"The law provides that, in a case of this kind evidence of the amount of alcohol in the defendant's blood as shown by chemical analysis of his breath may be admitted. The law also provides that if there was at the time in question 0.15 percent or more by weight of alcohol in the defendant's blood, it shall be presumed that the defendant was under the influence of intoxicating liquor."

The trial court further instructed the jury on the burden of proof, reasonable doubt, and about the weight to be given to the evidence by the jury—all of which are common stock instructions—and only necessary portions will be set out.

Did the trial court err in giving its instruction No. 3 and refusing to give defendant's requested instruction?

G. S. 1957 Supp. 8-1005, in part, provides:

". . . or in any prosecution for a violation of city ordinance relating to the driving of a motor vehicle while under the influence of intoxicating liquor, evidence of the amount of alcohol in the defendant's blood at the time alleged, as shown by chemical analysis of the defendant's blood, urine, breath or other bodily substance may be admitted, and shall give rise to the following presumptions:

·   ·   ·   ·   ·   ·   ·   ·   ·   ·   ·   ·   ·

"(b) If there was at that time 0.15 percent or more by weight of alcohol in the defendant's blood it shall be presumed that the defendant was under the influence of intoxicating liquor."

G. S. 1957 Supp. 8-1006 provides:

"The foregoing provisions of section 1 [8-1005] shall not be construed as limiting the introduction of any other competent evidence bearing upon the question of whether or not the defendant was under the influence of intoxicating liquor."

This court approved an instruction in *State v. Bailey*, 184 Kan. 704, 339 P. 2d 45, which quoted the pertinent portions of the above statutes and then continued as follows:

"This presumption is not conclusive, but may be considered by you along with all the other evidence in the case, and if, upon consideration of all the evidence, you entertain a reasonable doubt as to whether or not the defendant was under the influence of intoxicating liquor, you must not find him guilty."

Had the trial court so instructed the jury in this case there would be no question that it would have been correct in so doing. Instead the trial court set out in instruction No. 3 only the (*b*) portion under 8-1005 which, standing alone, may not have been proper. However, our inquiry does not end here for the reason that all of the instructions are abstracted and we find the trial court in its instruction No. 4 stated:

"The burden of proof in a criminal case is always upon the prosecution, and never shifts from the prosecution to the defendant. The defendant is presumed to be innocent until the contrary is proven to your satisfaction beyond a reasonable doubt. . . .

"If, after careful consideration of the entire case, you believe beyond a reasonable doubt that the defendant committed the offense charged, then you should find the defendant guilty. If, on the other hand, you do not believe beyond a reasonable doubt that the defendant committed the offense charged, then you should find the defendant not guilty."

Further, instruction No. 5 in part reads:

"You are the exclusive judges of all the facts appearing in the case, of the weight of the evidence, and of the credibility of the witnesses. It is for you to decide what weight shall be given to the evidence, and what credit shall be given to the testimony of the various witnesses."

In the final analysis instruction No. 3 followed the wording of the statute and thus it is not a clear misstatement of the law (*State v. Stewart*, 179 Kan. 445, 453, 454, 296 P. 2d 1071) and when all of the trial court's instructions are considered together and in the light of each other, it is apparent that everything stated in defendant's requested instruction was covered by those given. (*Sharp v. Pittsburg Coca Cola Bottling Co.*, 180 Kan. 845, 850, 308 P. 2d 150.) While we have indicated that we do not recommend instruction No. 3, as given, when compared with the one we approved in *State v. Bailey*, supra, we are constrained to hold that no reversible error was thereby committed.

In view of all the testimony, it also becomes apparent that defendant has failed to affirmatively show that his substantial rights have been prejudiced. (G. S. 1949, 60-3317.)

Judgment affirmed.